John C. Taylor, State Bar No. 78389
Neil K. Gehlawat, State Bar No. 289388
Peter A. Reagan, State Bar No. 327596
**TAYLOR & RING, LLP**
1230 Rosecrans Avenue, Suite 360
Manhattan Beach, California 90266
Telephone: (310) 209-4100
Facsimile: (310) 208-5052

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JEFFREY ROBERT FAIRCHILD, by and through his guardian *ad litem*, Halford Fairchild,

Plaintiff,

vs.

COUNTY OF LOS ANGELES, a public entity; ERIC BARRAZA, an individual; and DOES 1-20, inclusive,

Defendants.

CASE NO. 2:25-cv-00811-SPG-JPR

**SECOND AMENDED COMPLAINT FOR DAMAGES**

1. Fourth Amendment (42 U.S.C. § 1983)
2. Municipal Liability (42 U.S.C. § 1983)
3. Battery
4. Violation of Bane Act (Cal. Civil Code § 52.1)
5. Negligence

**DEMAND FOR JURY TRIAL**

## SECOND AMENDED COMPLAINT FOR DAMAGES

1. Plaintiff Jeffrey Robert Fairchild, by and through his guardian *ad litem*, Halford Fairchild ("Plaintiff"), for his Second Amended Complaint against Defendants County of Los Angeles, Eric Barraza, and Does 1-20, inclusive, alleges as follows:

## JURISDICTION AND VENUE

2. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiff asserts claims arising under the laws of the United States, including 42 U.S.C. § 1983 and the Fourth Amendment of the United States Constitution. The Court has supplemental jurisdiction over Plaintiff's claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this Court under 28 U.S.C. § 1391(b) because (1) a substantial part of the events or omissions giving rise to the claim occurred in this judicial district; and (2) Defendants reside within this judicial district.

## PARTIES

4. At all relevant times, Plaintiff is and was an adult resident of the County of Los Angeles, State of California. At the time of the subject assault, he was housed at the Twin Towers Facility, located at 450 Bauchet St., Los Angeles, CA 90012.

5. Halford Fairchild is the biological father of Plaintiff. Due to Plaintiff's severe injuries, Halford Fairchild has been appointed his guardian *ad litem* by the Court.

6. At all relevant times, Defendant County of Los Angeles ("County") is and was a municipal corporation existing under the laws of the State of California with the capacity to be sued. The County is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the Los Angeles County Sheriff's Department ("LASD") and its agents and employees. The County, by and through the LASD, is responsible for operating the Twin Towers Correction Facility, located at 450 Bauchet St., Los Angeles, CA 90012. The County was responsible for ensuring that the actions, omissions, policies, procedures, practices, and customs of its employees and agents complied with the laws of the United States and the State of California. At all relevant times, County was the employer of Defendant Eric

Barraza and Does 1-15 and is vicariously liable for their acts and omissions pursuant to California Government Code § 815.2.

7. At all relevant times, Defendant Eric Barraza ("Barraza") is and was a sworn LASD deputy working for the County of Los Angeles at the Twin Towers Correctional Facility. Upon information and belief, Barraza is a resident of the County of Los Angeles, State of California. At all relevant times, Barraza was acting under color of law and within the course and scope of his duty as a sheriff's deputy and with complete ratification of his principal, the County.

8. Does 1-15 are sworn deputies employed by County, who were involved in the assault of Plaintiff. Does 16-20 are individuals and/or entities also responsible for the assault of Plaintiff. The names of Does 1-20 are unknown to Plaintiff at this time, who therefore sues them by fictitious names. Plaintiff will amend his Complaint to show the true names and capacities of Does 1-20 when they have been ascertained. At all relevant times, Does 1-15 were acting under color of law and within the course and scope of their respective duties as sheriff's and/or correctional deputies and with the complete authority and ratification of their principal, County.

9. At all relevant times, each and every defendant was the agent of each and every other defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every defendant.

10. On December 5, 2024, Plaintiff filed a claim for damages with the County pursuant to applicable sections of the California Government Code. Plaintiff's claim was rejected by operation of law on January 19, 2025.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

11. Plaintiff repeats and re-alleges each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

12. On or about September 12, 2024, Plaintiff was arrested by officers from the Los Angeles Police Department for a parole violation.

13. On or about September 13, 2024, Plaintiff was booked into custody at the Los Angeles Police Department's 77th Street Community Police Station, located at 7600 S Broadway, Los Angeles, CA 90003.

14. Soon thereafter, Plaintiff was transferred to the Twin Towers Facility, located at 450 Bauchet St., Los Angeles, CA 90012. The Twin Towers Facility is operated by the LASD.

15. Upon information and belief, Plaintiff was housed in a single inmate cell on the 5th floor of the Twin Towers Facility.

16. One day while there in September 2024, Plaintiff was handcuffed and released outside his cell so that a nurse could conduct a blood sugar test on him.

17. After the nurse struggled to complete the test multiple times, Plaintiff stood up to leave and go back to his cell.

18. At that time, Defendant Barraza grabbed him and slammed him face-first on the ground, fracturing Plaintiff's neck.

19. Additional deputies (Does 1-15) arrived on scene, picked Plaintiff up off the ground, and placed him on a gurney before calling paramedics. These additional deputies failed to report Defendant Barraza's use of excessive force to a supervisor.

20. Once paramedics arrived, Plaintiff was taken to and admitted at Los Angeles General Medical Center, where he was diagnosed with significant spinal injuries resulting in paralysis of all four of his limbs (quadriplegia).

21. Plaintiff was under the care of medical providers at Los Angeles General Medical Center and Rancho Los Amigos National Rehabilitation Center during the first months and is currently house in and under the care for his paralysis at a subacute health facility.

///

///

///

///

**<u>FIRST CLAIM FOR RELIEF</u>**

**Fourth Amendment (42 U.S.C. § 1983)**

(Against Defendants Barraza and Does 1-20)

22. Plaintiff repeats and re-alleges each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

23. Defendants Barraza and Does 1-20 used excessive and unreasonable force against Plaintiff. This conduct deprived Plaintiff of his right to be secure in his person against unreasonable searches and seizures as guaranteed under the Fourth Amendment and applied to state actors by the Fourteenth Amendment.

24. As a result of the foregoing, Plaintiff was seriously injured and continues to suffer from physical pain and emotional distress.

25. The conduct of Defendants Barraza and Does 1-20 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff, and therefore warrants the imposition of punitive damages.

26. Defendants Barraza and Does 1-20 are liable for Plaintiff's injuries, either because they engaged in the above conduct, because they were integral participants in the above conduct, or because they failed to intervene to prevent the above conduct.

27. Plaintiff seeks compensatory damages and attorney fees.

**<u>SECOND CLAIM FOR RELIEF</u>**

**Municipal Liability (42 U.S.C. § 1983)**

(Against Defendant County)

28. Plaintiff repeats and re-alleges each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

29. Defendants Barraza and Does 1-20 acted under color of law.

30. The acts of Defendants Barraza and Does 1-20 deprived Plaintiff of his particular rights under the United States Constitution, as described above.

31. Defendant Barraza and Does 1-20 acted pursuant to a widespread or longstanding practice or custom of using excessive force against inmates in custody at County jails, as evidenced by the following:

a. For over a decade, inmates in County jails have alleged cruel and sadistic attacks by deputies while in custody;

b. As a result of litigation stemming from such attacks in its jails, the County is under several consent decrees.

c. The *Rosas v. Baca* case brought by the ACLU sought to end a pattern of deputies' beating inmates at Men's Central Jail, Twin Towers, and the Inmate Reception Center of the Los Angeles County jails. This case resulted in a consent decree to reform policies and practices on use of force in County jails. The corrective plan entered into by the County was subject to federal court oversight.

d. In June 2023, the ACLU sought a modification of the implementation plan, after the LA Sheriff's Department failed to recognize key aspects of the *Rosas* agreement. The ACLU asked the Court to order LASD to prohibit head strikes, limit the use of a dangerous restraint device, and impose mandatory discipline of employees who use excessive force, lie in the use of force reporting, or for supervisors who excuse dishonest reporting.

e. On November 9, 2023, Judge Pregerson unsealed videos that show LASD deputies using excessive force against people incarcerated in County jails. These examples of excessive force persist despite the *Rosas* consent decree, which intended to hold deputies accountable for violence against people in custody. These videos can be found online here: https://www.aclu.org/cases/rosas-v-luna?document=rosas-et-al-v-baca-et-al-complaint.

f. The above videos clearly demonstrate that violence by LASD deputies against inmates in County jails continues to be a widespread and longstanding problem.

32. Defendant County, including its relevant sheriff's deputies, whether named or unnamed, had actual or constructive knowledge of these deficient policies, practices,

and customs. Defendant County's widespread or longstanding custom or practice of its deputies using excessive force against inmates caused the deprivation of Plaintiff's rights here by Defendant Barraza and Does 1-20.

33. Plaintiff further alleges that the training policies of the County were not adequate to train law enforcement deputies or their supervisors to handle the usual and recurring situations with which they must deal. Specifically, as evidenced by this incident and prior incidents involving the use of excessive force by deputies against inmates, the County did not adequately train its deputies with respect to de-escalation and to intercede when other deputies are observed to be acting unreasonably or using excessive force. Plaintiff alleges that the County was deliberately indifferent to the obvious consequences of its failure to train its sheriff's deputies adequately. The failure of the County to provide adequate training caused the deprivation of Plaintiff's rights.

34. Based on the above, Plaintiff contends that the County is directly liable under 42 U.S.C. § 1983 and *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 691 (1978).

35. Plaintiff seeks compensatory damages and attorney fees.

## THIRD CLAIM FOR RELIEF

**Battery**

(Against Defendants Barraza and Does 1-15)

36. Plaintiff repeats and re-alleges each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

37. Defendants Barraza and Does 1-15, while working as sheriff's deputies, and acting within the course and scope of their duties, used unreasonable and excessive force against Plaintiff. As a result of the actions of Defendants Barraza and Does 1-15, Plaintiff was seriously injured.

38. The conduct of Defendants Barraza and Does 1-15 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff, entitling Plaintiff to an award of punitive damages.

39. Plaintiff seeks compensatory damages.

**FOURTH CLAIM FOR RELIEF**

**Violation of Bane Act (Cal. Civil Code § 52.1)**

(Against Defendants Barraza and Does 1-15)

40. Plaintiff repeats and re-alleges each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

41. Defendants Barraza and Does 1-15, while acting within the course and scope of their duties, intentionally committed and attempted to commit acts of violence against Plaintiff, including using unreasonable and excessive force or by integrally participating and failing to intervene in the above acts.

42. When Defendants Barraza and Does 1-15 assaulted Plaintiff, they interfered with his civil rights, including without limitation his right to be free from unreasonable seizures, to due process, and to life, liberty, and property.

43. Defendants Barraza and Does 1-15 successfully interfered with the above civil rights of Plaintiff.

44. The conduct of Defendants Barraza and Does 1-15 caused serious injuries to Plaintiff.

45. The conduct of Defendants Barraza and Does 1-15 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff, entitling Plaintiff to an award of punitive damages.

46. Plaintiff seeks compensatory damages and attorney fees.

**FIFTH CLAIM FOR RELIEF**

**Negligence**

(Against Defendants Barraza and Does 1-15)

47. Plaintiff repeats and re-alleges each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

48. The actions and inactions of Defendants Barraza and Does 1-15 described above – together with undiscovered conduct – were negligent and reckless.

49. As a direct and proximate result of the conduct of Defendants Barraza and Does 1-15 as alleged above, together with other undiscovered conduct, Plaintiff was seriously injured.

50. Plaintiff seeks compensatory damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests entry of judgment in his favor and against Defendants Barraza, County and Does 1-20 as follows:

A. For economic damages, in an amount to be proven at trial;

B. For noneconomic damages in an amount to be proven at trial;

C. For punitive damages against Defendant Barraza and Does 1-20, in an amount to be proven at trial;

D. For interest;

E. For reasonable costs of this suit and attorneys' fees pursuant to Cal. Civil Code § 52.1 and 42 U.S.C. § 1988; and

F. For such further other relief as the Court may deem just, proper, and appropriate.

Dated: April 2, 2025

**TAYLOR & RING**

By: */s/* Neil K. Gehlawat
John C. Taylor
Neil K. Gehlawat
Peter A. Reagan
Attorneys for Plaintiff

.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated: April 2, 2025

**TAYLOR & RING**

By: */s/* Neil K. Gehlawat
John C. Taylor
Neil K. Gehlawat
Peter A. Reagan
Attorneys for Plaintiff

.