John C. Taylor, State Bar No. 78389
Neil K. Gehlawat, State Bar No. 289388
Peter A. Reagan, State Bar No. 327596
**TAYLOR & RING, LLP**
1230 Rosecrans Avenue, Suite 360
Manhattan Beach, California 90266
Telephone: (310) 209-4100
Facsimile: (310) 208-5052

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRACE FAIRCHILD, individually and as successor-in-interest to decedent, Jeffrey Robert Fairchild; DENISE FAIRCHILD, an individual; and HALFORD FAIRCHILD, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF LOS ANGELES, a public entity; ERIC BARRAZA, an individual; and DOES 1-20, inclusive,<br><br>Defendants. | CASE NO. 2:25-cv-00811-SPG-JPR<br><br>**THIRD AMENDED COMPLAINT FOR DAMAGES**<br><br>1. Fourth Amendment (42 U.S.C. § 1983)<br>2. Fourteenth Amendment (42 U.S.C. § 1983)<br>3. Municipal Liability (42 U.S.C. § 1983)<br>3. Battery<br>4. Violation of Bane Act (Cal. Civil Code § 52.1)<br>5. Negligence<br><br>**DEMAND FOR JURY TRIAL** |

**<u>THIRD AMENDED COMPLAINT FOR DAMAGES</u>**

1. Plaintiffs Grace Fairchild, Denise Fairchild, and Halford Fairchild ("Plaintiffs"), for their Third Amended Complaint against Defendants County of Los Angeles, Eric Barraza, and Does 1-20, inclusive, alleges as follows:

## JURISDICTION AND VENUE

2. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiff asserts claims arising under the laws of the United States, including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution. The Court has supplemental jurisdiction over Plaintiffs' claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this Court under 28 U.S.C. § 1391(b) because (1) a substantial part of the events or omissions giving rise to the claim occurred in this judicial district; and (2) Defendants reside within this judicial district.

## PARTIES

4. At all relevant times, Decedent Jeffrey Fairchild was an adult resident of the County of Los Angeles, State of California. At the time of the subject assault which Plaintiffs contend gave rise to his death, he was housed at the Twin Towers Facility, located at 450 Bauchet St., Los Angeles, CA 90012.

5. Plaintiff Grace Fairchild is the biological daughter of Jeffrey Fairchild. She is a resident of the County of Los Angeles, State of California. Grace Fairchild seeks relief from Defendants both in her individual capacity and in her representative capacity as successor-in-interest to her father, Jeffrey Fairchild. She seeks wrongful death damages, survival (pre-death pain and suffering) damages, loss of life damages, and attorneys' fees under state and federal law. Her successor-in-interest declaration pursuant to California Code of Civil Procedure section 377.32 is attached hereto as **"Exhibit A."**

6. Plaintiff Denise Fairchild is the stepmother of Jeffrey Fairchild. She is a resident of the County of Los Angeles, State of California.

7. Plaintiff Halford Fairchild is the biological father of Jeffrey Fairchild. He is a resident of the County of Los Angeles, State of California.

8. At all relevant times, Defendant County of Los Angeles ("County") is and was a municipal corporation existing under the laws of the State of California with the capacity to be sued. The County is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the Los Angeles County Sheriff's Department ("LASD") and its agents and employees. The County, by and through the LASD, is responsible for operating the Twin Towers Correction Facility, located at 450 Bauchet St., Los Angeles, CA 90012. The County was responsible for ensuring that the actions, omissions, policies, procedures, practices, and customs of its employees and agents complied with the laws of the United States and the State of California. At all relevant times, County was the employer of Defendant Eric Barraza and Does 1-15 and is vicariously liable for their acts and omissions pursuant to California Government Code § 815.2.

9. At all relevant times, Defendant Eric Barraza ("Barraza") is and was a sworn LASD deputy working for the County of Los Angeles at the Twin Towers Correctional Facility. Upon information and belief, Barraza is a resident of the County of Los Angeles, State of California. At all relevant times, Barraza was acting under color of law and within the course and scope of his duty as a sheriff's deputy and with complete ratification of his principal, the County.

10. Does 1-15 are sworn deputies employed by County, who were involved in the assault of Plaintiff. Does 16-20 are individuals and/or entities also responsible for the assault of Plaintiff. The names of Does 1-20 are unknown to Plaintiff at this time, who therefore sues them by fictitious names. Plaintiff will amend his Complaint to show the true names and capacities of Does 1-20 when they have been ascertained. At all relevant times, Does 1-15 were acting under color of law and within the course and scope of their respective duties as sheriff's and/or correctional deputies and with the complete authority and ratification of their principal, County.

11. At all relevant times, each and every defendant was the agent of each and every other defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every defendant.

12. On December 5, 2024, Jeffrey Fairchild filed a claim for damages with the County pursuant to applicable sections of the California Government Code. Jeffrey Fairchild's claim was rejected by operation of law on January 19, 2025. Following Jeffrey Fairchild's death on April 21, 2025, Plaintiffs filed claims for damages with the County in connection with his death pursuant to applicable sections of the California Government Code. The County rejected said claims on June 18, 2025.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

13. Plaintiffs repeat and re-allege each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

14. On or about September 12, 2024, Jeffrey Fairchild was arrested by officers from the Los Angeles Police Department for a parole violation.

15. On or about September 13, 2024, Jeffrey Fairchild was booked into custody at the Los Angeles Police Department's 77th Street Community Police Station, located at 7600 S Broadway, Los Angeles, CA 90003.

16. Soon thereafter, Jeffrey Fairchild was transferred to the Twin Towers Facility, located at 450 Bauchet St., Los Angeles, CA 90012. The Twin Towers Facility is operated by the LASD.

17. Upon information and belief, Jeffrey Fairchild was housed in a single inmate cell on the 5th floor of the Twin Towers Facility.

18. One day while there in September 2024, Jeffrey Fairchild was handcuffed and released outside his cell so that a nurse could conduct a blood sugar test on him.

19. After the nurse struggled to complete the test multiple times, Jeffrey Fairchild stood up to leave and go back to his cell.

20. At that time, Defendant Barraza grabbed him and slammed him face-first on the ground, fracturing his neck.

21. Additional deputies (Does 1-15) arrived on scene, picked Jeffrey Fairchild up off the ground, and placed him on a gurney before calling paramedics. These additional deputies failed to report Defendant Barraza's use of excessive force to a supervisor.

22. Once paramedics arrived, Jeffrey Fairchild was taken to and admitted at Los Angeles General Medical Center, where he was diagnosed with significant spinal injuries resulting in paralysis of all four of his limbs (quadriplegia).

23. Jeffrey Fairchild was under the care of medical providers at Los Angeles General Medical Center and Rancho Los Amigos National Rehabilitation Center during the first months following the subject assault. He subsequently received care for injuries at a subacute health facility (Wells House of California in Long Beach).

24. On April 21, 2015, Jeffrey Fairchild died from complications related to the serious injuries he sustained from the subject assault at the Twin Towers Facility.

## **FIRST CLAIM FOR RELIEF**

### **Fourth Amendment (42 U.S.C. § 1983)**

(Against Defendants Barraza and Does 1-20)

25. Plaintiffs repeat and re-allege each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

26. Defendants Barraza and Does 1-20 used excessive and unreasonable force against Jeffrey Fairchild. This conduct deprived Jeffrey Fairchild of his right to be secure in his person against unreasonable searches and seizures as guaranteed under the Fourth Amendment and applied to state actors by the Fourteenth Amendment.

27. As a result of the foregoing, Jeffrey Fairchild was seriously injured, suffered from intense physical pain and emotional distress, and ultimately died.

28. The conduct of Defendants Barraza and Does 1-20 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Jeffrey Fairchild, and therefore warrants the imposition of punitive damages.

29. Defendants Barraza and Does 1-20 are liable for Jeffrey Fairchild's injuries, either because they engaged in the above conduct, because they were integral participants in the above conduct, or because they failed to intervene to prevent the above conduct.

30. Plaintiff Grace Fairchild seeks survival damages, loss of life damages, and attorneys' fees in her representative capacity as successor-in-interest to Jeffrey Fairchild.

## SECOND CLAIM FOR RELIEF

**Fourteenth Amendment (42 U.S.C. § 1983)**

(Against Defendant Barraza and Does 1-20)

31. Plaintiffs repeat and re-allege each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

32. Plaintiffs Denise Fairchild and Halford Fairchild each had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that would deprive them of life, liberty, or property in such a manner as to shock the conscience, including state actions that interfere with their familial relationship with their loved one and son, Jeffrey Fairchild.

33. Plaintiffs Denise Fairchild and Halford Fairchild shared a strong familial relationship with Decedent. Halford Fairchild raised Jeffrey with his ex-wife until Jeffrey was 8 years old. At that time, Halford divorced Jeffrey's mother and gained custody of Jeffrey. Jeffrey thereafter lived with Halford and Denise Fairchild. Halford and Denise financially supported Jeffrey by providing him with housing, food, and money. This continued into Jeffrey's adult years, with both Denise and Halford continuing to provide him with financial support. Furthermore, Denise and Halford spent important holidays and family gatherings together with Jeffrey, including high school graduation, Christmases, and Thanksgivings. Jeffrey would write birthday letters to Denise and give her red roses. In 2024, up until the time that he was arrested for a parole violation by LAPD, Jeffrey was living with Denise Fairchild and would see his father, Halford Fairchild. After he was assaulted in custody, Denise and Halford visited him routinely (at least twice a week) while he was under the care of medical professionals at various

facilities until his unfortunate passing. His memorial service was attended by 50 to 80 friends and family members with warming tributes to Jeffrey from his friends and family.

34. The aforementioned actions of Defendant Barraza and Does 1-20, along with undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of Plaintiffs or with purpose to harm unrelated to any legitimate law enforcement objective.

35. As a result of the conduct of Defendants Barraza and Does 1-20, Jeffrey Fairchild was seriously injured, suffered from intense physical pain and emotional distress, and ultimately died.

36. The conduct of Defendants Barraza and Does 1-20 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Jeffrey Fairchild, and therefore warrants the imposition of punitive damages.

37. Plaintiffs Denise Fairchild and Halford Fairchild bring this claim in their individual capacities and seek damages for the loss of familial relationship with their son, Jeffrey Fairchild. Plaintiffs Denise Fairchild and Halford Fairchild also seek attorneys' fees.

## **<u>THIRD CLAIM FOR RELIEF</u>**

### **Municipal Liability (42 U.S.C. § 1983)**

(Against Defendant County)

38. Plaintiffs repeat and re-allege each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

39. Defendants Barraza and Does 1-20 acted under color of law.

40. The acts of Defendants Barraza and Does 1-20 deprived Jeffrey Fairchild of his particular rights under the United States Constitution, as described above.

41. Defendant Barraza and Does 1-20 acted pursuant to a widespread or longstanding practice or custom of using excessive force against inmates in custody at County jails, as evidenced by the following:

a. For over a decade, inmates in County jails have alleged cruel and sadistic attacks by deputies while in custody;

b. As a result of litigation stemming from such attacks in its jails, the County is under several consent decrees.

c. The *Rosas v. Baca* case brought by the ACLU sought to end a pattern of deputies' beating inmates at Men's Central Jail, Twin Towers, and the Inmate Reception Center of the Los Angeles County jails. This case resulted in a consent decree to reform policies and practices on use of force in County jails. The corrective plan entered into by the County was subject to federal court oversight.

d. In June 2023, the ACLU sought a modification of the implementation plan, after the LA Sheriff's Department failed to recognize key aspects of the *Rosas* agreement. The ACLU asked the Court to order LASD to prohibit head strikes, limit the use of a dangerous restraint device, and impose mandatory discipline of employees who use excessive force, lie in the use of force reporting, or for supervisors who excuse dishonest reporting.

e. On November 9, 2023, Judge Pregerson unsealed videos that show LASD deputies using excessive force against people incarcerated in County jails. These examples of excessive force persist despite the *Rosas* consent decree, which intended to hold deputies accountable for violence against people in custody. These videos can be found online here: https://www.aclu.org/cases/rosas-v-luna?document=rosas-et-al-v-baca-et-al-complaint.

f. The above videos clearly demonstrate that violence by LASD deputies against inmates in County jails continues to be a widespread and longstanding problem.

42. Defendant County, including its relevant sheriff's deputies, whether named or unnamed, had actual or constructive knowledge of these deficient policies, practices, and customs. Defendant County's widespread or longstanding custom or practice of its deputies using excessive force against inmates caused the deprivation of Jeffrey Fairchild's rights here by Defendant Barraza and Does 1-20.

43. Plaintiffs further allege that the training policies of the County were not adequate to train law enforcement deputies or their supervisors to handle the usual and recurring situations with which they must deal. Specifically, as evidenced by this incident and prior incidents involving the use of excessive force by deputies against inmates, the County did not adequately train its deputies with respect to de-escalation and to intercede when other deputies are observed to be acting unreasonably or using excessive force. Plaintiffs allege that the County was deliberately indifferent to the obvious consequences of its failure to train its sheriff's deputies adequately. The failure of the County to provide adequate training caused the deprivation of Jeffrey Fairchild's rights.

44. Based on the above, Plaintiffs Grace Fairchild, Denise Fairchild, and Halford Fairchild contend that the County is directly liable under 42 U.S.C. § 1983 and *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 691 (1978).

**FOURTH CLAIM FOR RELIEF**

**Battery (Wrongful Death and Survival Action)**

(Against Defendants Barraza and Does 1-15)

45. Plaintiffs repeat and re-allege each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

46. Defendants Barraza and Does 1-15, while working as sheriff's deputies, and acting within the course and scope of their duties, used unreasonable and excessive force against Plaintiff. As a result of the actions of Defendants Barraza and Does 1-15, Plaintiff was seriously injured, suffered from intense physical pain and emotional distress, and ultimately died.

47. The conduct of Defendants Barraza and Does 1-15 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Jeffrey Fairchild, entitling Plaintiff Grace Fairchild to an award of punitive damages.

48. Plaintiff Grace Fairchild brings this claim in her individual capacity and seeks wrongful death damages. She also brings this claim in her representative capacity

as successor-in-interest to Jeffrey Fairchild and seeks survival (pre-death pain and suffering) damages.

**<u>FIFTH CLAIM FOR RELIEF</u>**

**Violation of Bane Act (Cal. Civil Code § 52.1)**

(Against Defendants Barraza and Does 1-15)

49. Plaintiffs repeat and re-allege each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

50. Defendants Barraza and Does 1-15, while acting within the course and scope of their duties, intentionally committed and attempted to commit acts of violence against Jeffrey Fairchild, including by using unreasonable and excessive force or by integrally participating and failing to intervene in the above acts.

51. When Defendants Barraza and Does 1-15 assaulted Jeffrey Fairchild, they interfered with his civil rights, including without limitation his right to be free from unreasonable seizures, to due process, and to life, liberty, and property.

52. Defendants Barraza and Does 1-15 successfully interfered with the above civil rights of Jeffrey Fairchild.

53. The conduct of Defendants Barraza and Does 1-15 caused serious injuries to Plaintiff, which ultimately resulted in his death.

54. The conduct of Defendants Barraza and Does 1-15 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Jeffrey Fairchild, entitling Plaintiff Grace Fairchild to an award of punitive damages.

55. Plaintiff Grace Fairchild brings this claim in her representative capacity as successor-in-interest to Jeffrey Fairchild and seeks survival (pre-death pain and suffering) damages and attorneys' fees.

**<u>SIXTH CLAIM FOR RELIEF</u>**

**Negligence (Wrongful Death and Survival Action)**

(Against Defendants Barraza and Does 1-15)

56. Plaintiffs repeat and re-allege each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

57. The actions and inactions of Defendants Barraza and Does 1-15 described above – together with undiscovered conduct – were negligent and reckless.

58. As a direct and proximate result of the conduct of Defendants Barraza and Does 1-15 as alleged above, together with other undiscovered conduct, Jeffrey Fairchild was seriously injured, suffered from intense physical pain and emotional distress, and ultimately died.

59. Plaintiff Grace Fairchild brings this claim in her individual capacity and seeks wrongful death damages. She also brings this claim in her representative capacity as successor-in-interest to Jeffrey Fairchild and seeks survival (pre-death pain and suffering) damages.

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs requests entry of judgment in his favor and against Defendants Barraza, County and Does 1-20 as follows:

A. For wrongful death damages, in an amount to be proven at trial;

B. For damages related to the loss of familial relationship, in an amount to be proven at trial;

C. For survival damages under state and federal law, in an amount to be proven at trial;

D. For loss of life damages, in an amount to be proven at trial;

E. For punitive damages against Defendant Barraza and Does 1-20, in an amount to be proven at trial;

F. For interest;

G. For reasonable costs of this suit and attorneys' fees pursuant to Cal. Civil Code § 52.1 and 42 U.S.C. § 1988; and

H. For such further other relief as the Court may deem just, proper, and appropriate.

Dated: August 11, 2025

**TAYLOR & RING**

By: */s/* Neil K. Gehlawat
John C. Taylor
Neil K. Gehlawat
Peter A. Reagan
Attorneys for Plaintiff

.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury.

Dated: August 11, 2025

**TAYLOR & RING**

By: */s/* Neil K. Gehlawat
John C. Taylor
Neil K. Gehlawat
Peter A. Reagan
Attorneys for Plaintiff

.

# EXHIBIT A

John C. Taylor, State Bar No. 78389
Neil K. Gehlawat, State Bar No. 289388
Peter A. Reagan, State Bar No. 327596
**TAYLOR & RING, LLP**
1230 Rosecrans Avenue, Suite 360
Manhattan Beach, California 90266
Telephone: (310) 209-4100
Facsimile: (310) 208-5052

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRACE FAIRCHILD, individually and as successor-in-interest to decedent, Jeffrey Robert Fairchild; DENISE FAIRCHILD, an individual; and HALFORD FAIRCHILD, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF LOS ANGELES, a public entity; ERIC BARRAZA, an individual; and DOES 1-20, inclusive,<br><br>Defendants. | CASE NO. 2:25-cv-00811-SPG-JPR<br><br>**DECLARATION OF GRACE FAIRCHILD PURSUANT TO CCP § 377.32** |

///
///
///
///

# DECLARATION OF GRACE FAIRCHILD

I, Grace Fairchild, declare:

1. I am the biological daughter of decedent, Jeffrey Fairchild.
2. Jeffrey Fairchild passed away on April 21, 2025, in Los Angeles, California.
3. No proceeding is now pending in California for administration of the decedent's estate.
4. I am decedent's successor-in-interest and succeed to his interest in this action.
5. No other person has a superior right to commence the action or proceeding or to be substituted for the decedent in the pending action or proceeding.
6. A certified copy of decedent's death certificate is attached hereto as **"Exhibit 1."**

I declare under oath and penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 30, 2025, in Lancaster, California.

Grace Fairchild

# EXHIBIT 1

STATE OF CALIFORNIA
CERTIFICATION OF VITAL RECORD

# CITY OF LONG BEACH

## DEPARTMENT OF HEALTH AND HUMAN SERVICES

LONG BEACH, CALIFORNIA

## CERTIFICATE OF DEATH

STATE OF CALIFORNIA
USE BLACK INK ONLY / NO ERASURES, WHITEOUTS OR ALTERATIONS
VS-11 (REV 7/24)

STATE FILE NUMBER: 3052025096574
LOCAL REGISTRATION NUMBER: 3202562001093

**DECEDENT'S PERSONAL DATA**

1. NAME OF DECEDENT– FIRST (Given): JEFFREY
2. MIDDLE: ROBERT
3. LAST (Family): FAIRCHILD

AKA. ALSO KNOWN AS – Include full AKA (FIRST, MIDDLE, LAST):
4. DATE OF BIRTH mm/dd/ccyy: 12/10/1969
5. AGE Yrs.: 55
IF UNDER ONE YEAR: Months / Days
IF UNDER 24 HOURS: Hours / Minutes
6. SEX: M

9. BIRTH STATE/FOREIGN COUNTRY: CA
10. SOCIAL SECURITY NUMBER: 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
11. EVER IN U.S. ARMED FORCES? ☐ YES ☒ NO ☐ UNK
12. MARITAL STATUS/SRDP* (at Time of Death): DIVORCED
7. DATE OF DEATH mm/dd/ccyy: 04/21/2025
8. HOUR (24 Hours): 1908

13. EDUCATION – Highest Level/Degree (see worksheet on back): HS GRADUATE
14/15. WAS DECEDENT HISPANIC/LATINO(A)/SPANISH? (If yes, see worksheet on back) ☐ YES ☒ NO
16. DECEDENT'S RACE – Up to 3 races may be listed (see worksheet on back): BLACK

17. USUAL OCCUPATION – Type of work for most of life. DO NOT USE RETIRED: HANDYMAN
18. KIND OF BUSINESS OR INDUSTRY (e.g., grocery store, road construction, employment agency, etc.): SELF EMPLOYED
19. YEARS IN OCCUPATION: 30

**USUAL RESIDENCE**

20. DECEDENT'S RESIDENCE (Street and number, or location): 3983 SHEDD TERRACE
21. CITY: CULVER CITY
22. COUNTY/PROVINCE: LOS ANGELES
23. ZIP CODE: 90232
24. YEARS IN COUNTY: 50
25. STATE/FOREIGN COUNTRY: CA

**INFORMANT**

26. INFORMANT'S NAME, RELATIONSHIP: HALFORD H. FAIRCHILD, FATHER
27. INFORMANT'S MAILING ADDRESS (Street and number, or rural route number, city or town, state and zip): 3983 SHEDD TERRACE, CULVER CITY, CA 90232

**SPOUSE/SRDP AND PARENT INFORMATION**

28. NAME OF SURVIVING SPOUSE/SRDP*–FIRST: -
29. MIDDLE: -
30. LAST (BIRTH NAME): -
31. NAME OF PARENT–FIRST: HALFORD
32. MIDDLE: H.
33. LAST (BIRTH NAME): FAIRCHILD
34. BIRTH STATE: CA
35. NAME OF PARENT–FIRST: RITA
36. MIDDLE: E.
37. LAST (BIRTH NAME): KELLEY
38. BIRTH STATE: CA

**FUNERAL DIRECTOR/LOCAL REGISTRAR**

39. DISPOSITION DATE mm/dd/ccyy: 05/05/2025
40. PLACE OF FINAL DISPOSITION: RESIDENCE OF HALFORD H. FAIRCHILD, 3983 SHEDD TERRACE, CULVER CITY, CA 90232
41. TYPE OF DISPOSITION(S): CREMATE/RESIDENCE
42. SIGNATURE OF EMBALMER: NOT EMBALMED
43. LICENSE NUMBER: -
44. NAME OF FUNERAL ESTABLISHMENT: MCKAY'S SOUTH BAY MORTUARY MARINE CHAPEL
45. LICENSE NUMBER: FD1979
46. SIGNATURE OF LOCAL REGISTRAR: ANISSA DAVIS, MD, MPH
47. DATE mm/dd/ccyy: 05/02/2025

**PLACE OF DEATH**

101. PLACE OF DEATH: ST. MARY MEDICAL CENTER
102. IF HOSPITAL, SPECIFY ONE: ☒ IP ☐ ER/OP ☐ DOA
103. IF OTHER THAN HOSPITAL, SPECIFY ONE: ☐ Hospice ☐ Nursing Home/LTC ☐ Decedent's Home ☐ Other
104. COUNTY: LOS ANGELES
105. FACILITY ADDRESS OR LOCATION WHERE FOUND (Street and number, or location): 1050 LINDEN AVE
106. CITY: LONG BEACH

**CAUSE OF DEATH**

107. CAUSE OF DEATH — Enter the chain of events --- diseases, injuries, or complications --- that directly caused death. DO NOT enter terminal events such as cardiac arrest, respiratory arrest, or ventricular fibrillation without showing the etiology. DO NOT ABBREVIATE.

| | Cause | Time Interval Between Onset and Death |
|---|---|---|
| IMMEDIATE CAUSE (Final disease or condition resulting in death) (A) | CARDIAC ARREST | (AT) HRS |
| Sequentially, list conditions, if any, leading to cause on Line A. Enter UNDERLYING CAUSE (disease or injury that initiated the events resulting in death) LAST (B) | CORONARY ARTERY DISEASE | (BT) YRS |
| (C) | | (CT) |
| (D) | | (DT) |

108. DEATH REPORTED TO CORONER? ☐ YES ☒ NO — REFERRAL NUMBER
109. BIOPSY PERFORMED? ☐ YES ☒ NO
110. AUTOPSY PERFORMED? ☐ YES ☒ NO
111. USED IN DETERMINING CAUSE? ☐ YES ☐ NO

112. OTHER SIGNIFICANT CONDITIONS CONTRIBUTING TO DEATH BUT NOT RESULTING IN THE UNDERLYING CAUSE GIVEN IN 107: DIABETES MELLITUS TYPE II

113. WAS OPERATION PERFORMED FOR ANY CONDITION IN ITEM 107 OR 112? (If yes, list type of operation and date.): NO
113A. DECEDENT PREGNANT IN LAST YEAR? ☐ YES ☒ NO ☐ UNK

**PHYSICIAN'S CERTIFICATION**

114. I CERTIFY THAT TO THE BEST OF MY KNOWLEDGE DEATH OCCURRED AT THE HOUR, DATE, AND PLACE STATED FROM THE CAUSES STATED.
Decedent Attended Since (A) mm/dd/ccyy: 04/21/2025
Decedent Last Seen Alive (B) mm/dd/ccyy: 04/21/2025
115. SIGNATURE AND TITLE OF CERTIFIER: VISAL NGA, DO
116. LICENSE NUMBER: 20A10947
117. DATE mm/dd/ccyy: 05/01/2025
118. TYPE ATTENDING PHYSICIAN'S NAME, MAILING ADDRESS, ZIP CODE: VISAL NGA, DO, 1269 EAST ANAHEIM ST, LONG BEACH, CA 90813

**CORONER'S USE ONLY**

119. I CERTIFY THAT IN MY OPINION DEATH OCCURRED AT THE HOUR, DATE, AND PLACE STATED FROM THE CAUSES STATED.
MANNER OF DEATH ☐ Natural ☐ Accident ☐ Homicide ☐ Suicide ☐ Pending Investigation ☐ Could not be determined
120. INJURED AT WORK? ☐ YES ☐ NO ☐ UNK
121. INJURY DATE mm/dd/ccyy:
122. HOUR (24 Hours):
123. PLACE OF INJURY (e.g., home, construction site, wooded area, etc.):
124. DESCRIBE HOW INJURY OCCURRED (Events which resulted in injury):
125. LOCATION OF INJURY (Street and number, or location, and city, and zip):
126. SIGNATURE OF CORONER / DEPUTY CORONER:
127. DATE mm/dd/ccyy:
128. TYPE NAME, TITLE OF CORONER / DEPUTY CORONER:

| STATE REGISTRAR | A | B | C | D | E | | FAX AUTH.# | CENSUS TRACT |
|---|---|---|---|---|---|---|---|---|

CALONGBEO1

**CERTIFIED COPY OF VITAL RECORD**
STATE OF CALIFORNIA, CITY OF LONG BEACH

This is a true and exact reproduction of the document officially registered and placed on file in the office of the Vital Records Section, Long Beach Department of Health and Human Services.

000859671

DATE ISSUED: MAY 16 2025

Anissa Davis, MD, MPH
HEALTH OFFICER

THE GREAT SEAL OF THE STATE OF CALIFORNIA — EUREKA
CITY OF LONG BEACH — INCORPORATED 1897

This copy is not valid unless prepared on an engraved border, displaying the date, seal and signature of the Registrar.

ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE